GARY T. LAFAYETTE (SBN 88666)
BARBARA L. LYONS (SBN 173548)
LAFAYETTE & KUMAGAI LLP
1300 Clay Street, Suite 810
Oakland, California 94612
Telephone:   (415) 357-4600
Facsimile:   (415) 357-4605

Attorneys for Defendant CONDUENT STATE &
LOCAL SOLUTIONS, INC f/k/a XEROX STATE
& LOCAL SOLUTIONS, INC., erroneously sued as
XEROX STATE AND LOCAL SOLUTIONS, INC.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM MONTGOMERY, individually and on behalf those similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>BAY AREA TOLL AUTHORITY; GOLDEN GATE BRIDGE, HIGHWAY AND TRANSPORTATION DISTRICT; XEROX STATE AND LOCAL SOLUTIONS, INC.; and DOES 1 - 100,<br><br>Defendants. | Case No. _____<br><br>**NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT**<br><br>**[Class Action Fairness Act of 2005]**<br><br>Action filed: July 13, 2018 |

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §§ 1441(a) and 1446, Defendant CONDUENT STATE & LOCAL SOLUTIONS, INC., formerly known as XEROX STATE & LOCAL SOLUTIONS, INC. and erroneously sued as XEROX STATE AND LOCAL SOLUTIONS, INC.[1] ("Conduent") hereby removes to this Court the state court action pending in the Superior Court of the State of California, County of San Francisco, titled *William Montgomery, individually and on behalf of those similarly situated v. Bay Area Toll Authority, Golden Gate Bridge, Highway and Transportation District, Xerox State and Local Solutions, Inc., and Does 1-100*, Case No. CGC-18-568084 (the "Action").

## PROCEDURAL BACKGROUND AND GROUNDS FOR REMOVAL

1. Plaintiff WILLIAM MONTGOMERY ("Plaintiff") commenced the Action in the Superior Court of the State of California, County of San Francisco, on or about July 13, 2018, by filing a Class Action Complaint (the "Complaint").

2. As shown herein, the Action is a civil action of which this Court has original jurisdiction pursuant to the Class Action Fairness Act of 2005 ("CAFA"), codified in part at 28 U.S.C. § 1332(d), and is one which may be removed to this Court by Conduent pursuant to 28 U.S.C. § 1441(a).

## TIMELINESS OF REMOVAL

3. Conduent was served with the Summons and Complaint in the Action on August 10, 2018. True and correct copies of the Summons, Complaint and related case documents served upon AA are attached hereto collectively as **Exhibit A**. A true and correct copy of the Proof of Service on Conduent, filed with the San Francisco Superior Court on August 23, 2018, is attached hereto as **Exhibit E**. Conduent has not filed any pleadings or other papers in the Action, nor does it know of any other Defendant having filed any responsive pleading or papers.

---

[1] Plaintiff's Complaint erroneously identifies Conduent as "Xerox State and Local Solutions, Inc." However, there is only one entity—Conduent State & Local Solutions, Inc. The former entity, Xerox State & Local Solutions, Inc., changed its name to Conduent State & Local Solutions, Inc. in 2017. (Declaration of Jeff Frank, ¶ 2, attached as Exhibit B.)

**NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT**
**[Class Action Fairness Act of 2005]**                                1

LAFAYETTE & KUMAGAI LLP
ATTORNEYS AT LAW
1300 CLAY STREET, SUITE 810
OAKLAND, CALIFORNIA 94612
(415) 357-4600
FAX (415) 357-4605

4. This Notice of Removal has been filed within thirty (30) days after Conduent was served with Summons and Complaint and is therefore timely under 28 U.S.C. §1446(b)(1).

5. In accordance with 28 U.S.C. § 1446(d), the undersigned counsel certifies a copy of this Notice of Removal and all supporting pleadings will be promptly served on Plaintiff's counsel and filed with the Clerk of the San Francisco Superior Court. Therefore, all procedural requirements under 28 U.S.C. § 1446 will be satisfied.

## ORIGINAL JURISDICTION
## UNDER THE CLASS ACTION FAIRNESS ACT

6. CAFA vests a district court with original jurisdiction of a class action where: (a) "the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest or costs" (28 U.S.C. § 1332(d)(2)); and (b) "any member of a class of Plaintiffs is a citizen of a State different from any Defendant (28 U.S.C. § 1332(d)(2)(A); *see Luther v. Countrywide Home Loans Servicing LP*, 553 F.3d 1031, 1033-1034 (9th Cir. 2008) ("complete diversity is not required")); (c) the primary defendants are not "States, State officials, or other governmental entities against whom the district court may be foreclosed from ordering relief (28 U.S.C. § 1332(d)(5)(A)); and (d) "the number of members of all proposed plaintiff classes is in the aggregate" at least 100 (28 U.S.C. § 1332(d)(5)(B)). The Action satisfies all four criteria for CAFA removal of a class action.

**A.  Class Action.**

7. The Complaint concerns collections of tolls and penalties on San Francisco Bay Area Toll Bridges. (Complaint (Exh. A), ¶ 2 at 2:17-21, ¶ 18 at 6:14-17 (defining "Toll Bridges" to include "the San Francisco Ba Area's seven states-owned toll bridges – Antioch, Benecia-Martinez, Carquinez, Dumbarton, Richmond-San Rafael, San Francisco – Oakland, and San Mateo – Hayward").) Plaintiff alleges that Defendants have improperly disseminated motorists' personally identifiable information in that connection. Plaintiff alleges that Conduent and other defendants violated Article I, §§ 1, 7 and 17 of the California Constitution, California Streets and Highway Code § 31490, California's Unfair Competition Law (Cal. Bus. & Prof. Code §§ 17200, *et seq*.), and the California Consumer Legal Remedies Act (Cal. Civ. Code §§ 1750 *et seq.*). In addition, Plaintiff asserts a common law negligence claim.

**NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT**
**[Class Action Fairness Act of 2005]**                                                             2

8. Plaintiff expressly sues under Federal Rule of Civil Procedure 23(b)(2) and (c) (Complaint (Exh. A), ¶ 68 at 17:4-5.)

9. Plaintiff alleges two proposed classes:

> Excessive Fines Class: All consumers who between July 12, 2014 and the present, were assessed and/or paid a penalty amount, or where charged with a toll evasion violation in connection with using the Toll Bridges.
>
> PII Class: All consumers who between July 12, 2014 and the present, had their PII provided to any person who was not authorized to receive the PII pursuant to California Streets and Highways Code § 31490, under California's Constitutional right to privacy, in violation of the Defendants' privacy policy and/or transponder agreements.

(Complaint (Exh. A), ¶ 69 at 17:6-14.)

**B.  Class Size.**

10. Plaintiff defines his proposed classes as "consumers" using one of the several Bay Area toll bridges since July 12, 2014 who: (a) were charged with a toll evasion, or were assessed and/or paid a penalty; or (b) had their personally identifying information provided to an unauthorized person. (Complaint (Exh. A), ¶ 69 at 17:6-14).

11. By Plaintiff's own estimate, there would be "hundreds of thousands (if not millions) of Class Members" (Complaint (Exh. A), ¶ 70(a) at 17:17-19.)

12. Based on the foregoing, the number of members of all proposed classes in the aggregate is at least 100, and the Action meets CAFA's numerosity requirement. 28 U.S.C. § 1332(d)(5).

**C.  Amount in Controversy.**

13. The alleged amount in controversy in this putative class action exceeds, in the aggregate, $5,000,000, exclusive of interest and costs. Plaintiff alleges that for each of the hundreds of thousands of putative class members, they are entitled to "statutory damages in the amount of no less than $2,500 or $4,000 (as applicable)" as well as "actual damages, restitution, and all other appropriate legal and equitable relief." (Complaint (Exh. A), Prayer for Relief, ¶ B at

1    40:16-17; see also *id.*, ¶ 117 at 26:7-13 and ¶ 125 at 27:23-28:2 (alleging Plaintiff's and the

2    individual class members' per violation remedies under California Streets and Highways Code §

3    31490 [providing for the greater of (a) actual damages or (b) depending on the number of

4    violations, either $2,500 or $4,000, plus attorneys' fees and costs] (Cal. Sts. & High. Code §

5    31490(q)), ¶ 170 at 36:5-7 (alleging entitlement to In addition, alleging entitlement to up to an

6    additional $5,000 for each Class Member who is a senior citizens or a person with a disability

7    under the Consumer Legal Remedies Act (Cal. Civ. Code §§ 1780(b)(1)) and 1781(f) and (g).)

8    Plaintiffs also seek attorneys' fees and costs pursuant California Code of Civil Procedure § 1021.5,

9    California Civil Code §§1788.17 and 1788.30(c), and California Streets and Highways Code §

10   31490. (Complaint (Exh. A), Prayer for Relief, ¶ E at 40:23-24). Those fees are part of the amount

11   in controversy for 28 U.S.C. § 1332(c)(2) purposes. *See Campbell v. Vitran Exp., Inc.*, 471 Fed.

12   Appx. 646, 649 (9th Cir. 2012) ("[W]here an underlying statute authorizes an award of attorneys'

13   fees, either with mandatory or discretionary language, such fees may be included in the amount in

14   controversy."); *see also Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1029 (9th Cir. 1998) ("25%

15   recovery is the 'benchmark' level for reasonable attorney's fees in class action cases.")

16   **D.   CAFA Diversity.**

17        14.    Diversity exists under 28 U.S.C. § 1332(d)(2)(A) where "any member of a class of

18   plaintiffs is a citizen of a State different from any defendant."

19        15.    <u>Plaintiffs' Citizenship.</u> Plaintiff Montgomery is a Texas citizen. (Complaint (Exh.

20   A), ¶ 3 at 2:24-25.) The class of plaintiffs Montgomery seeks to represent includes class members

21   from throughout the state of California and elsewhere, as he does not limit his class definition to

22   Californians. (Complaint (Exh. A), ¶ 69 at 17:6-14.)

23        16.    <u>Defendants' Citizenship.</u> Under 28 U.S.C. § 1332(c), "a corporation shall be

24   deemed to be a citizen of any State by which it has been incorporated and of the State where it has

25   its principal place of business." Conduent is a New York corporation (Complaint ¶ 6 at 3:23-25; [2]

26   Frank Decl. (Exh. F), ¶ 3), with its principal place of business in New Jersey (*id.*, ¶ 4). Therefore,

27

28   [2] As noted, Xerox State & Local Solutions, Inc. changed its name to Conduent State & Local Solutions, Inc. (Frank Decl. (Exh. F), ¶ 2.)

**NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT**
**[Class Action Fairness Act of 2005]**                                                    4

Conduent is a citizen of a different state than much of the putative class, including California citizens, as well as Plaintiff Montgomery.

17. Defendant Bay Area Toll Authority ("BATA") is a government agency of the State of California with its principal place of business in San Francisco, California. (Complaint (Exh. A), ¶ 4 at 3:11-16).

18. Defendant Golden Gate Bridge, Highway and Transportation District ("GGB") is a government agency of the State of California with its principal place of business in San Francisco, California. (Complaint (Exh. A), ¶ 5 at 3:17-22).

19. Diversity of citizenship also exists under 28 U.S.C. § 1332(d)(2)(A) inasmuch as Plaintiff Montgomery is a citizen of Texas and both Defendant BATA and Defendant GGB are citizens of California.

**C.     Conduent, a Primary Defendant, is Not a Governmental Entity.**

20. CAFA jurisdiction does not exist if "the primary defendants are States, State officials, or other governmental entities against whom the district court may be foreclosed from ordering relief." 28 U.S.C. § 1332(d)(5).

21. Conduent is not a State or State official, nor does Plaintiff so allege.

22. Conduent is a private corporation, and not an "other governmental entity from whom the district court is foreclosed from granting relief" for 28 U.S.C. § 1332(d)(5)(a) purposes. (Complaint ¶ 6 at 3:23-25; Frank Decl. (Exh. F), ¶¶ 6-12.)

23. For CAFA jurisdictional purposes, a "primary defendant" is "anyone 'who has a substantial exposure to a significant portion of the proposed class in the action.'" *Chalian v. CVS Pharmacy, Inc.*, No. CV1608979ABAGRX, 2017 WL 1377589, at *3 (C.D. Cal. Apr. 11, 2017) (holding that "Because CVS is domiciled in Rhode Island and RX Services is domiciled in New York, the primary defendants are not California citizens and the home-state exception does not apply."); s*ee also Sanchez v. Aviva Life and Annuity Company, et al.,* No. CV S-09-1454 FCD/DAD, 2009 WL 10694222, at *4 (E.D. Cal. July 16, 2009) (explaining that a "primary defendant" is a defendant who is directly liable to the plaintiff).

///

**NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT**
**[Class Action Fairness Act of 2005]**                                                                             5

24. The "primary defendant" exception to CAFA jurisdiction only applies when *all* primary defendants are State or other government entities. *Frazier v. Pioneer Americas LLC*, 455 F.3d 542, 546 (5th Cir. 2006) (explaining that Section 1332(d)(5) "is not meant to create a loophole whereby plaintiffs can avoid CAFA jurisdiction by naming a state as a primary defendant"); *Woods v. Standard Ins. Co.*, 771 F.3d 1257, 1263 (10th Cir. 2014) (holding there was "no doubt Congress intended the state action provision to preclude CAFA jurisdiction only when all of the primary defendants are states, state officials, or state entities").

25. Conduent is a named defendant from whom Plaintiff seeks direct relief. Indeed, Plaintiff *only* alleges his Count V (California Consumer Legal Remedies Act) (Complaint (Exh. A), ¶¶ 161-170 at 34:17-36:7) against Conduent. The same is true of Plaintiff's Count VI (Unfair Competition Law); Conduent is the *only* defendant against whom Plaintiff asserts that claim. (*Id.*, ¶¶ 171-183 at 36:8-38:5.) Conduent is therefore a primary defendant.

26. Causes of action Plaintiff has asserted against Conduent depend on it being a private, not governmental, entity. California's Consumers Legal Remedies Act (Cal. Civ. Code § 1750-1784) (the "CLRA") is a consumer protection statute. The CLRA makes unlawful "unfair methods of competition and unfair or deceptive acts or practices undertaken by any person in a *transaction* intended to result or that results in the sale or lease of goods or services *to a consumer*." (Cal. Civ. Code § 1770(a) (emphasis added).) The CLRA defines a "person" as "an individual, partnership, corporation, limited liability company, association, or other group, however organized"—rather than the State. (Cal. Civ. Code § 1750.).

27. California's Unfair Competition Law is codified within Division 7 of California's Business and Professions Code, "General Business Regulations." (Cal. Bus. & Prof. Code §§ 16000-18001 17200). The UCL prohibits "unfair competition," which it defines as a person's "unlawful, unfair, or fraudulent business act or practice." Cal. Bus. & Prof. Code § 17200 (emphasis added). The UCL's definition of "person" ("natural persons, corporations, firms, partnerships, joint stock companies, associations and other organizations of persons") includes private actors, not public entities. Cal. Bus. & Prof. Code § 17201; *In re Cell Tower Litig.,* 807

F.Supp.2d 928 (2011); *see Wells v. One2One Learning Foundation*, 39 Cal.4th 1164, 1203 (2006) ("government entities are not 'persons' who may be sued under the UCL" (citations omitted)).

28. California law specifically permits a private vendor to serve as a processing agency. Cal. Veh. Code § 40252. Therefore, Plaintiff's allegation that Conduent is a "processing agency" (Complaint (Exh. A), ¶ 6 at 4:3-5) is not an allegation that Conduent is an "other governmental entity against whom the district court is foreclosed from ordering relief." 28 U.S.C. § 1332(d)(5).

29. As Conduent *is* a primary defendant, and as Conduent is *not* a State, State official, or "other governmental entit[y] against whom the district court may be foreclosed from ordering relief", 28 U.S.C. § 1332(d)(5)(A) does not bar this Court's exercise of original jurisdiction under CAFA.

## VENUE AND INTRADISTRICT ASSIGNMENT

30. Venue of this action lies in the United States District Court for the Northern District of California pursuant to 28 U.S.C. § 1446(a), because the State court from which the Action is removed is located in this District.

31. Assignment to the San Francisco Division is appropriate under Civil Local Rule 3-2(c), because a substantial part of the events or omissions which give rise to the claim allegedly occurred in the County of San Francisco. (Complaint (Exh. A), ¶¶ 11-12 at 5:12-18.)

## JOINDER

32. Plaintiff named additional Defendants, BATA and GGB. Pursuant to 28 U.S.C. § 1453(b), all defendants do not need to consent or join in removal under CAFA.

## STATE COURT DOCUMENTS

33. In accordance with 28 U.S.C. § 1446(a), Conduent attaches to this Notice the following documents, which are all the process, pleadings, and orders served upon Conduent in the Action:

    a) **Exhibit A** – Class Action Complaint.

    b) **Exhibit B** – Summons.

    c) **Exhibit C** – Application for Complex Designation.

d) **Exhibit D** –Declaration of Helen Zeldes in Support of Application for Complex Designation.

e) **Exhibit E -** Proof of Service on Conduent.

### SERVICE OF NOTICE OF REMOVAL

34. In accordance with 28 U.S.C. § 1446(d), the undersigned counsel certifies that a copy of this Notice of Removal and all supporting pleadings will be promptly served on Plaintiff's counsel and other Defendants not joining in this removal and filed with the Clerk of the San Francisco Superior Court. Therefore, all procedural requirements under 28 U.S.C. § 1446 will be satisfied.

WHEREFORE, Conduent removes the above action, now pending in the Superior Court of the State of California for the County of San Francisco, to this Court.

Dated: September 7, 2018.                LAFAYETTE & KUMAGAI LLP


By:    */s/ Gary T. Lafayette*
       Gary T. Lafayette
Attorneys for Defendant CONDUENT STATE & LOCAL SOLUTIONS, INC f/k/a XEROX STATE & LOCAL SOLUTIONS, INC., erroneously sued as XEROX STATE AND LOCAL SOLUTIONS, INC.